**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HONGYAN LU,<br><br>        Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.   15-71571<br><br>Agency No. A200-268-532<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 28, 2018[**]
Pasadena, California

Before: BYBEE and WATFORD, Circuit Judges, and HERNANDEZ,[***] District Judge.

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

   [***]     The Honorable Marco A. Hernandez, United States District Judge for the District of Oregon, sitting by designation.

The Immigration Judge ("IJ") denied Hongyan Lu's claims for asylum and withholding of removal, and the Board of Immigration Appeals ("BIA") upheld the IJ's decision. The BIA affirmed the denial of Lu's claims on the basis of the IJ's adverse credibility determination. Substantial evidence supports both the agency's adverse credibility determination and the agency's determination that Lu has not shown she is eligible for asylum or withholding of removal. *See* 8 U.S.C. §§ 1158(b), 1231(b)(3).

The IJ determined that Lu's testimony that she was forced to have an abortion by Chinese family planning officials was not credible. In support of her testimony, Lu provided a small book that included what purported to be a doctor's notes about her forced abortion, but her account of the book's origins was inconsistent and confusing on important points. She repeatedly contradicted herself on how the book came to be at the hospital with her on the day of the forced abortion. And while she said that she did not bring the book to the United States in order to strengthen her case for asylum, the evidence suggested otherwise. These inconsistencies supported an inference that the book was not genuine and that Lu's testimony was untrustworthy.

Nor did any other evidence in the record compel a finding that Lu was eligible for asylum or withholding of removal. The other documentary evidence

Lu offered, a statement from her ex-husband in China, merely repeated the account of the forced abortion that she had conveyed to him. And her own testimony, even considered apart from the documents she offered, gave a timeline of events on the day of the forced abortion that the IJ permissibly found to be implausible.

**PETITION FOR REVIEW DENIED.**